FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 JUN -5 PM 4:27
CLERK_____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DANIEL CHEEK, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | 4:18-cv-00048-WTM-GRS |
| vs. ) | |
| ) | |
| PROFIT SERVICES GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED ORDER - CONFIDENTIALITY AGREEMENT

Plaintiff, Daniel Cheek, and Defendant, Profit Services Group, LLC, have advised the Court that they anticipate discovery and production of documents which may be the proper subject of non-disclosure under Fed R. Civ. P. 26(c). In order to assist in the timely completion of discovery, the Court enters this stipulated Order governing the procedure for seeking the protections under Fed. R. Civ. P. 26(c).

1. **Confidentiality as a Basis of Non-Disclosure.**

Having provided these parties a mechanism for the protection of documents of information of a confidential nature, the parties may not assert the confidential nature or trade secret status of documents as a basis of non-disclosure except as provided in this order.

1

2. **Designation of Confidentiality.**

A party responding to requests for production or interrogatories may designate the responsive information to that discovery as confidential (hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL." The party making the designation shall serve with the information a log of all information designated as confidential and identify each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information or provide the log waives any such designation.

3. **Protection of Information Designated as Confidential.**

Any information designated as confidential shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives the objection expressly or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter.

If any information which is protected as confidential is submitted in connection with a dispositive motion or at trial pursuant to this Order, the

information ceases to be protected as confidential, but any party may move to seal the Court's record and proceedings under the applicable law as provided below.

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation. Information protected as confidential may only be disclosed to:

    a.    Other attorneys appearing in this case.

    b.    Other parties to this case.

    c.    Staff, office personnel, consulting attorneys, experts, and consulting experts associated with the attorneys appearing in this case.

    d.    Witnesses.

    e.    Deponents.

4. **Objections to the Designation of Confidentiality.**

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation. A party who wishes to object to the designation shall within that 14-day period, serve objections to the designation and requests in writing a conference to resolve the conference. The party asserting the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party asserting the designation

of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c). The failure to move for a protective order within that 14-day period waives the designation.

5. **Order Binding on Signatories**

The parties signing this order are bound to its terms. Those parties to the case who have not signed may not receive copies of confidential information pursuant to this order. Nor shall copies of such copies be provided to them by any other party.

6. **Use of Confidential Materials in Dispositive Motions and At Trial**

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the court, and identify the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. The failure to provide that notice by a party seeking to use information waives the right to use such information in connection with a dispositive motion and any portions of any court document which contain such information may be stricken.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

SO ORDERED, this 5th day of June, 2018.

G. R. Smith
HON. G. R. SMITH
Magistrate Judge, United States
District Court

Stipulated by:

| | |
|---|---|
| COUNSEL FOR PLAINTIFF, DANIEL CHEEK | COUNSEL FOR DEFENDANT, PROFIT SERVICES GROUP, LLC |
| SMITHMARCO, P.C. | BEDARD LAW GROUP, P.C. |
| /s/ David M. Marco<br>David M. Marco<br>Pro Hac Vice Application Pending<br>55 West Monroe Street, Suite 1200<br>Chicago, Illinois 60603<br>Telephone: (312) 546-6639<br>E-mail: dmarco@smithmarco.com | /s/ Michael K. Chapman<br>Michael K. Chapman<br>Georgia Bar No. 322145<br>4855 River Green Parkway<br>Suite 310<br>Duluth, Georgia 30096<br>Telephone: (678) 253-1871<br>mchapman@bedardlawgroup.com |

FORTAS LAW GROUP, LLC

E. Scott Fortas
Georgia Bar No. 269980
1934-B N. Druid Hills Road
Atlanta, Georgia 30319
Telephone: (404) 315-9936
sfortas@fortlaslaw.com